# COMPOSITE EXHIBIT

## "I"

### -Letter from Argentine Counsel re. Asylum Claim-

ATTORNEY-AT-LAW

# MARIA GABRIELA RICAGNO

Tel.: + 54 11 4343 5328
Cell: + 54 11 6208 5652
E-Mail:
gabriela.ricagno@gmail.com

April 16, 2017

Arturo Hernández, Esq.
40 NW 3rd St.
33128 Miami, FL

Dear Arturo Hernández,

I am sending you this letter in my capacity as Defender of Record of HENRY DE JESUS LOPEZ LONDOÑO, a Colombian citizen, an asylum applicant in the CONARE Case No. 599238/2008, **currently pending**, in the challenge of the administrative proceeding in the Case  " LÓPEZ LONDOÑO, Henry de Jesús  c/ Interior and T-RS  729-12" ( CAF Case No. 59124/2012), pending before Federal Administrative Court No. 12 Clerk's Office No. 23.

I. To this date, my client continues to have the status as an applicant for the acknowledgment of his refugee status.

Indeed, Mr. Henry de Jesús López Londoño has at present the status as an applicant for the acknowledgment of his refugee status in accordance with the terms and rights recognized by the General Refugee Acknowledgment and Protection Act (Law 26.165), the Convention Relating to the Status of Refugees of 1951 and its Additional Protocol of 1967, and the American Convention on Human Rights (Cf. Case 59124/2012).

II. In any event, this is to state for the record that, with respect to Henry de Jesús López Londoño, the National Executive Branch, through the Refugee Eligibility Committee, already acknowledged -in 2008- (and such acknowledgment is at present unchallenged – see Page 128 of Case 599238/2008), that: *"(...) considering the situation existing in the country of origin, taking into account Law 26.165 and the system for the protection of  human rights currently in effect in the Argentine Republic, the excluded person would still be entitled to be removed in a*

**ALICIA MOREAU DE JUSTO 1150 OF. 306"A" CABA, ARGENTINA**

manner compatible with International Law and, in particular, with the obligations related to human rights *(he could be protected from being returned under other international instruments, notably Article 3 of the Convention of 1984 against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment)"*. (Cf. Page 88 Ce.Pa.Re.\* Case 599.238/2008).

The resolution also adds that*"... in view of the personal history and general information of the applicant, it may be said that the applicant would have a well-founded fear of persecution due to his political opinion, thus meeting the elements of the definition of 'refugee' of Law 26.165."* (VERBATIM Page 83 Case 599.238/2008).

It must be emphasized that in said administrative proceedings in which political asylum is applied for, the Ce.Pa.Re. (Refugee Eligibility Committee) and the UNHCR acknowledged that Case 59.397 filed against Henry de Jesus Lopez Londoño in Colombia for the crimes of aggravated drug trafficking, money laundering, aggravated conspiracy (collection offices and hiring of paid hit men) and creation of paramilitary armed groups outside the law, was used as a "tool for persecution"[1], therefore considering <u>Colombia as a country generator of fear</u>.

III. Therefore, we can conclude that this circumstance of unchallenged acknowledgment implies that HENRY DE JESÚS LÓPEZ LONDOÑO <u>is already protected against Return through deportation, Colombia's requests for extradition, or any other form of return to that country, since 2008</u>.

And this acknowledgment is unchallenged up to this date (Page 128, Case 599238/2008).

Said protection is supported by the Pact of San José de Costa Rica (Art. 22.8 of the American Convention on Human Rights) and Art. 3 of the Convention of 1984 against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment; the latter being binding on the signatory states (among others, the United States of America and the Argentine Republic).

IV. To this date, the PENDING review of the administrative case for Acknowledgment of Political Asylum CO.NA.RE\*\* No. 599.238/2008 before National Federal Administrative Court No. 12 Clerk's Office No. 23 (Case 59.124/20129), implies in turn that the applicant

---

[1] Page 109 Ce.Pa.Re. Case 599.238/2008: *"Se infiere de la documentación aportada por el peticionario, que su hipótesis de estar siendo perseguido a través de un enjuiciamiento por el delito de narcotráfico, en base al accionar corrupto de las fuerzas policiales sobornadas por el narcotráfico, no sería inconsistente con la situación existente en su país".*

TRANSLATOR'S FOOTNOTES
\*    "Ce.Pa.Re," as indeed mentioned once in this document, is the Spanish acronym for *Comité de Elegibilidad para Refugiados*, i.e., *Refugee Eligibility Committee*.
\*\*  "CO.NA.RE." is the Spanish acronym for *Comisión Nacional para los Refugiados*, i.e , *National Refuee Commission*.

may be protected in the future against his Return to Colombia in any manner, **and also by Art. 33.1 of the Convention of 1951.**

Receive my cordial greetings,

[(Signed) Illegible]

Maria Gabriela Ricagno

[Great Seal
of
Argentina]
**ARGENTINE REPUBLIC**
MINISTRY OF THE INTERIOR
[ILLEGIBLE]        *5992382008*

[Illegible
rubber stamp]

[Photograph
of a
male]

**599238 2008**

## CERTIFICATE OF PROVISIONAL RESIDENCE FOR ASYLUM APPLICANT

THE UNDERSIGNED OFFICIAL ON BEHALF OF THE ARGENTINE IMMIGRATION SERVICE CERTIFIES that the holder of this certificate **LÓPEZ LONDOÑO HENRY DE JESÚS** a **COLOMBIAN** citizen born on **02/15/1971** who identified himself with **IDENTITY CARD 71721132** and established his residence at **VENEZUELA 6665, MORENO** [handwritten "*"] has applied for asylum in the Republic, which is under consideration by the pertinent authorities -----------------------------------------------------------------------------------------------------

It is hereby decided to grant him a **PROVISIONAL RESIDENCE** valid for **45 DAYS**, with permission to perform tasks in exchange for compensation, and upon its expiration he must appear before this Secretary's Office, before a branch office of the Argentine Immigration Service in the provinces, or before the Police Authority of the place where he has established his residence, for the renewal hereof, being advised he shall otherwise be deemed to have withdrawn his application for Asylum.-------------

Given in Buenos Aires, on the **18th** day of the month of **April** , **2008** [Handwritten:] * *THIS SHALL READ: 11 DE SEPTIEMBRE, 4544 NIVEL 1 APART 1 [Illegible]... Depto. 1 CAP*

*"HANDWRITTEN TEXT APPROVED"* ]

[Oval rubber stamp:
* MINISTRY OF
THE INTERIOR *
(Great Seal of
Argentina)
(Rest illegible)]

[(Signed) Illegible]
[ILLEGIBLE]
Argentine Immigration
Service

[(Signed) Illegible]

*Signature and Stamped Name
Varga Alvarez (Illegible), Esq
[Illegible]*

**RENEWALS BY POLICE AUTHORITY OF THE PLACE WHERE RESIDENCE IS ESTABLISHED**
Each shall be for THIRTY (30) days (after the initial [illegible] days) and must be notified immediately to the ARGENTINE IMMIGRATION SERVICE [DIRECCIÓN NACIONAL DE MIGRACIONES] – FEDERAL CAPITAL.-

**FIRST RENEWAL FOR THIRTY (30) DAYS...**
Place, date, and printed name of the intervening authority...

**SECOND RENEWAL FOR THIRTY (30) DAYS...**
Place, date, and printed name of the intervening authority...

ABOGADA

# MARIA GABRIELA RICAGNO

Tel.: + 54 11 4343 5328
Cel: + 54 11 6208 5652
E-Mail: gabriela.ricagno@gmail.com

15 de abril de 2017

Dr. Arturo Hernández
40 NW 3rd St.
33128 Miami, FL

Estimado Arturo,

Dirijo a Ud. en mi carácter de Defensora Titular de HENRY DE JESUS LOPEZ LONDOÑO, de nacionalidad colombiana, solicitante de refugio en el Expte CONARE Nro. 599238/2008, actualmente en trámite, en estado de impugnación judicial del proceso administrativo, en los autos "LÓPEZ LONDOÑO, Henry de Jesús c/ En Interior y T-RS 729/12" (Causa CAF Nro. 59124/2012), de trámite por ante el Juzgado en lo Contencioso Administrativo Federal nro. 12 Secretaría nro. 23.

I.- A la fecha, mi asistido conserva la calidad de solicitante del reconocimiento de la condición de refugiado.

En efecto, el Sr. Henry de Jesús López Londoño reviste en la actualidad la condición de solicitante del reconocimiento de la condición de refugiado en los términos y derechos reconocidos por la Ley General de Reconocimiento y Protección al Refugiado (Ley 26.165), la Convención sobre el Estatuto de Refugiado de 1951 y su Protocolo Adicional de 1967, y la Convención Americana sobre Derechos Humanos (Confr. Expte. 59124/2012).

II.- A todo evento, se deja constancia que respecto de Henry de Jesús López Londoño, el Poder Ejecutivo Nacional a través del Comité de Elegibilidad para Refugiados ha oportunamente reconocido -2008- (y dicho reconocimiento se encuentra firme -ver fs. 128 del Expte 599238/2008), que: "(…) considerando la situación existente en el país de origen, teniendo en cuenta la ley 26.165 y el sistema de protección de los derechos humanos vigente en la República Argentina, la persona excluida aun tendría derecho a ser trasladado de

ALICIA MOREAU DE JUSTO 1150 OF. 306"A" CABA, ARGENTINA

manera compatible con el derecho internacional y, en particular, las obligaciones relevantes relativas a los derechos humanos (podría estar protegido aún del retorno en virtud de otros instrumentos internacionales, notablemente el artículo 3 de la Convención de 1984 contra la Tortura y otros Tratos o Penas Crueles, inhumanos o Degradantes)". (confr. fs. 88 Expte 599.238/2008 CEPARE).

Agregando asimismo que "... a la luz de los antecedentes personales y particulares del peticionante, podría decirse que éste tendría un temor fundado de persecución por motivos de su opinión política, reuniendo entonces los elementos de la definición de refugiado de la Ley 26.165." (TEXTUAL fs. 83 expte. 599.238/2008).

Es menester destacar que en dichas actuaciones administrativas, Ce.Pa.Re y ACNUR reconocieron a Colombia como país generador del temor.

III.- Por ello, podemos concluir que esta circunstancia de reconocimiento firme, implica que HENRY DE JESUS LOPEZ LONDOÑO, ya se encuentra protegido contra la Devolución por deportación y pedidos de extradición de Colombia, o cualquier otra forma de devolución a ese país, desde 2008.

Y ese reconocimiento está firme a la fecha (fs. 128 Expte. 599238/2008).

Dicha protección encuentra sustento en el Pacto de San José de Costa Rica (art. 22.8 de la Convención Americana) y art. 3 de la Convención de 1984 contra la Tortura y otros Tratos o Penas Crueles, Inhumanos o Degradantes; de aplicación obligatoria para los estados signatarios (entre otros, Estados Unidos de América y la República Argentina).

IV.- A la fecha, la revisión judicial EN TRAMITE, del expte administrativo de reconocimiento de Refugio Político CO.NA.RE Nro. 599.238/2008 por ante Juzgado Nacional en lo Contencioso Administrativo Federal 12 Secretaría 23 (Expte. 59.124/20129, implica a su vez que el causante podría aún también estar protegido a futuro contra la Devolución a Colombia en cualquiera de sus formas, por el art. 33.1 de la Convención de 1951.

Envío cordiales saludos,

María Gabriela Ricagno

[Rubber stamp:] 000029
[Rubber Stamp:] POLICE OF ANT
Date 06-23-2010
Filed: 10-013937

MINISTRY OF NATIONAL DEFENSE
NATIONAL POLICE
[EMBLEM OF THE NATIONAL POLICE OF COLOMBIA WHICH READS AS FOLLOWS:]
REPUBLIC OF COLOMBIA
NATIONAL POLICE
GOD AND COUNTRY
POLICE DEPARTMENT OF ANTIQUIA

Delivered to the CIHD
[Rubber Stamp:] SEPT 29 2011
Delivered to the CIHD
[Rubber Stamp:] DEC 10 2012

Num. 012156 /CCMAN-ASJUR-29

Medellín, June 22, 2010

Mr.
LUIS HERRY[SIC] HURTADO OCAMPO
Carrera 13 No. 32-51 Torre 3 Oficina 504 Telephone number 3402208
Bogota, D.C.

In re: Response to Right to Petition

I respectfully write to you in response to your request regarding the exclusion of Mr. HENRY DE JESÚS LÓPEZ LONDOÑO, identified by Citizenship Identification Card Num.  71-721-132, from the Urabá  Most Wanted poster, pursuant to the following factors:

First: As you are aware, the poster of the "MOST WANTED BY THE POLICE OF ANTIOQUIA" was created by the Police Department of Antioquia on November 30, 2009, and   made public on December 10, 2009, date on which there was an arrest warrant against your client, Mr. HENRY DE JESUS LOPEZ LONDONO.

Second: A photocopy of Document Num. 00639-1, dated   March 9, 2010, subscribed by Mr. OCTAVIO CARRILLO CARREÑO, First Criminal Court Judge for the Specialized Circuit Court of Bogota, D.C., requesting the cancellation of the existing order against Mr. LÓPEZ LONDOÑO was received on June 5, 2010, thereby informing the Antoquia Police Command of same.

Third: Therefore, the  arrest warrant against  your client  is hereby canceled on the date of this response. Additionally, he will be  excluded from the digital and printed poster of the "MOST WANTED BY THE POLICE OF ANTIOQUIA". Simultaneously, notices have been  issued to each one of the police units where said poster, in digital or printed form.  may be exhibited, so that the search  may be canceled, the photograph and name of [illegible] of Mr. HENRY DE JESÚS LÓPEZ LONDOÑO thereby being excluded from same.

Cordially,

[Illegible signature]
Colonel JORGE ANDRÉS RODRÍGUEZ BORBÓN
Commander of the Antioquia Police Department

[Illegible text]  ]                                                    BICENTENNIAL [LOGO]
                                                                     [illegible text]

E-Mail: [illegible]@ [illegible] policia [illegible]
[illegible text]
Calle 71 Número [illegible] -20 Telephone number: [illegible]
Page 1 of 1

[illegible]                                                          Approval [illegible]