UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20763-CR-GRAHAM/GOODMAN(s)

**UNITED STATES OF AMERICA**

vs.

**HENRY DE JESUS LOPEZ LONDONO,**

    **Defendant.**
_____/

**GOVERNMENT'S MOTION IN LIMINE REGARDING
DEFENSE EXHIBITS THAT CONTAIN HEARSAY STATEMENTS**

    The United States of America, by and through the undersigned Assistant United States Attorney, files this motion in limine to preclude defendant Henry de Jesus Lopez Londono from offering out-of-court hearsay statements of the defendant, government agents, and confidential informants. Because those statements, when offered by the defendant, would constitute inadmissible out-of-court statements in violation of the hearsay rule, the defendant is prohibited from offering such communications at trial.

**BACKGROUND**

    In the late 1990s, in Colombia, the defendant joined the United Self-Defense Forces of Colombia (AUC), an organization designated in 2001 by the United States as a foreign terrorist organization. The AUC used drug proceeds to fund criminal and terrorist activities in Colombia. The defendant ascended through the criminal ranks of the AUC to control areas in and around Bogota, Colombia, where he trafficked in narcotics and used violence to collect drug debts. After the AUC demobilized in or around 2006, former members of the AUC reconstituted themselves into criminal gangs throughout Colombia to control highly-profitable drug trafficking routes. The defendant joined the Urabeños criminal organization, also known as the *Gaitanista* Self-Defense

1

Forces, situated along the northern coast of Colombia. Lopez Londono became a high-ranking member of the Urabeños, managing drug trafficking activities and debt collections for the organization. The defendant eventually approached the U.S. Government to cooperate with hopes of limiting his exposure to prosecution in the United States.

The defendant in 2008, through his attorneys, first approached IRS confidential informant (CI) Roberto Luna to arrange meetings with IRS special agents. The defendant's attorneys arranged through Roberto Luna, via email communications, meetings with IRS criminal investigators to discuss potential cooperation. IRS CI Luna and IRS criminal investigators never met with the defendant or exchanged communications with him.

Because IRS special agents did not cooperate the defendant, the defendant retained Houston based criminal attorney Erik Sunde to approach U.S. Immigration and Customs Enforcement (ICE)/Homeland Security Investigations (HSI) to gauge its interest. Sunde hired former Mexican prosecutor Sergio Adame to facilitate contact with ICE. Sunde paid Adame for his services. Adame met with the defendant in Colombia in 2009. Soon after, Adame arranged for the defendant to meet with ICE and DEA agents in Cartagena, Colombia in November 2009 to discuss possible cooperation.

After the meeting in Cartagena, ICE began communicating with the defendant. ICE Homeland Security Investigations (HSI) Special Agent (SA) Frank Burrola conversed in Spanish with Lopez Londono via Blackberry messenger, which was similar to text message exchanges.[1] SA Burrola asked the defendant for information about the location in Colombia of high-level drug traffickers wanted for criminal prosecution in the United States. SA Burrola translated and

---

[1] On rare occasions, when HSI SA Burrola was not available, the defendant communicated by Blackberry messenger with HSI SAs Steve Monks or Fernando Plasencia.

2

summarized responses provided by the defendant in emails to HSI and DEA agents. Additionally, ICE put the information the defendant provided into reports.

ICE/HSI's communications with the defendant lasted until October 2010, when ICE terminated contact with the defendant. From August 2010 through February 2011, ICE had registered the defendant as a confidential source. The United States terminated its relationship with Lopez Londono in October 2010 upon learning the full scope of his history and drug trafficking conduct, with some criminal acts occurring, unbeknownst and unreported to the government, while he was providing information to the government. ICE formally deactivated the defendant as a confidential informant in February 2011.

As part of its discovery obligations, the government produced hundreds of pages of emails, a letter by an Assistant United States Attorney, and reports that may relate to his public authority defense. Lopez Londono has provided the government documentation in his discovery responses, including blackberry communications he had with special agents. Among those items he may use at trial are the following:

- SA Burrola's emails to special agents that summarize information provided directly by Lopez Londono and that contain agent conversations discussing his cooperation.

- ICE/HSI reports that summarize the information provided by Lopez Londono.

- Blackberry messenger communications between Lopez Londono and government agents.

- Email communications between his defense attorneys and IRS confidential informant Roberto Luna.

- An unsigned letter from Southern District of Texas AUSA Jim McAlister to defense attorney Eric Sunde discussing the defendant's cooperation.

It is common error for a defendant to believe that he, like the government, can offer out-of-court statements, whether recorded or not, for their truth under the Federal Rules of Evidence. The rules and case law, however, make clear that a defendant is not permitted to introduce his own out-of-court statements, or those of government agents and confidential informants for the truth of the matter asserted. *See* Fed. R. Evid. 801(d), 802. As a result, the defendant cannot properly introduce his own statements contained in emails and reports; and the out-of-court statements of government agents/AUSAs, and confidential informants.

## ARGUMENT

**I.      The Defendant Cannot Introduce His Own Out of Court Statements.**

The Federal Rules of Evidence classify statements made by a criminal defendant to be non-hearsay if the statements are offered *against* the defendant. *See* Fed. R. Evid. 801(d)(2)(A). The rule provides that "[a] statement is not hearsay if . . . [t]he statement is offered against a party and is . . . the party's own statement." *Id.* Because such "party admissions" are non-hearsay, they may be admitted for their truth. *United States v. Lynn*, 608 F.2d 132, 135 (5th Cir. 1979 ("[A]dmissions by a defendant are not hearsay.") (citing Fed. R. Evid. 801(d)(2)). "Admissions by a party-opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system rather than satisfaction of the conditions of the hearsay rule." Fed. R. Evid. 801(d)(2)(A), Advisory Committee Notes (1972).

Because Rule 801(d)(2) provides that a defendant's own statement is not hearsay only if offered *against* that party, when the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and inadmissible. *See United States v. Willis*, 759 F.2d

4

1486, 1501 (11th Cir. 1985); *see United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) ("while the Government was free to introduce the statement as an admission by a party-opponent, *see* Fed. R. Evid. 801(d)(2)(A), [defendant] had no right to introduce it on his own . . . ."). "Self-serving statements are not exempted from the hearsay rule by Federal Rule of Evidence 801(d)(2)(A) or any other exemption or exception, and are thus inadmissible hearsay." *United States v. Quansah*, 2006 WL 620755, at *1 (9th Cir. 2006) (unpublished). "The requirement of Rule 801(d)(2)(A) that an admission be offered against a party is designed to exclude the introduction of self-serving statements by the party making them." *United States v. Palow*, 777 F.2d 52, 56 (1st Cir. 1985). This is true even when the defendant claims that those statements would be exculpatory. *See United States v. Wilkerson*, 84 F.3d 692, 696 (4th Cir. 1996) (holding that the defendant could not introduce his own out-of-court statements, because the Rules of Evidence "do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party"); *United States v. Zamudio*, 1998 WL 166600, at *5-6 (10th Cir. 1998) (unpublished) ("While the government was entitled to introduce Zamudio's admissions under Fed.R.Evid. 801(d)(2)(A), Zamudio was not similarly entitled to offer his own exculpatory statements through the testimony of Agent Mendonca because such statements, if offered to prove the truth of the matter asserted, would constitute hearsay.").

Indeed, as courts have explained, to permit otherwise would place a defendant's statements "before the jury without subjecting [him] to cross-examination, precisely what the hearsay rule forbids." *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000). In the absence of such a rule, the parties could "effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." *United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). Any statements by a

defendant in communications not offered by the government are not offered *against* that party as required by the rules and thus inadmissible hearsay.

The government does not expect to introduce into evidence any of these challenged exhibits during the direct examination of its own witnesses. In particular, SA Burrola's emails, agents' blackberry message conversations with the defendant, and ICE/HSI reports contain two layers of hearsay: (1) out-of-court statements provided by the defendant to government agents; and (2) out-of-court statements of government agents (discussed in detail in the next section). The defendant, therefore, cannot put these hearsay statements or their contents before the jury during cross-examination of government witnesses. *See United States v. Cunningham,* 194 F.3d 1186, 1199 (11th Cir. 1999) (affirming order refusing to permit defendant to cross-examine officer concerning defendant's hearsay statement); *Willis*, 759 F.2d at 1501 (affirming district court's refusal to permit defendant to cross-examine government witnesses about defendant's hearsay statement).

## II. Defendant Cannot Introduce Out-of-Court Statements of Government Agents and Confidential Informants.

Government emails, reports, letters and agent communications with the defendant, and confidential informant statements cannot be introduced as admissions of a party-opponent under Rule 801(d)(2)(D).

While the Eleventh Circuit has not addressed the issue, several other circuits have agreed that an unsworn statement by a government agent does not fall within the party-opponent exception, especially in criminal trials. *United States v. Garza*, 448 F.3d 294, 298-99 & n.14-16 (5th Cir. 2006)); *United States v. Arroyo,* 406 F.3d 881, 888 (7th Cir. 2005) ("[G]overnment agents are not party-opponents for purposes of Rule 801(d)(2)"); *United States v. Prevatte,* 16 F.3d 767, 779 n. 9 (7th Cir.1994) ("Because the agents of the Government are supposedly disinterested in the outcome of a trial and are traditionally unable to bind the sovereign, their statements seem less

6

the product of the adversary process and hence less appropriately described as admissions of a party") (citations omitted); *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) ("[T]he out-of-court statements of a government informant are not admissible in a criminal trial pursuant to Rule 801(d)(2)(D) as admissions by the agent of a party-opponent."); *but see United States v. Branham*, 97 F.3d 835, 850-51 (6th Cir. 1996) (finding that statements of a paid informant were within the scope of 801(d)(2)(D)).

In *United States v. Yildiz,* 355 F.3d 80, 82 (2nd Cir. 2004) the Second Circuit discussed the Advisory Committee to the Federal Rules of Evidence "purpose to adhere to the common law in the application of evidentiary principles, absent express provisions to the contrary." The court held the unsworn, out-of-court statement, as opposed to a sworn statement adopted by the government as truth, did not fall within the party-opponent exception under common law, and absent a provision to the contrary, was not excepted from the hearsay rule. *Id.; compare United States v. Ramirez,* 894 F.2d 565, 570 (2nd Cir. 1990) ("An argument can be made that when the government advances a statement of its agent in a judicial proceeding to obtain a search warrant, the government has adopted the content of the statement, and a criminal defendant may introduce the statement as a party admission under Fed. R. Evid. 801(d)(2)(B).").

Even assuming that a government employee can be an agent of a party-opponent under Rule 801(d)(2)(D), this does not end the inquiry. Which employees fall under the rule? The United States employees millions. This case was brought by the Department of Justice and, and more specifically, the United States Attorney's Office for the Southern District of Florida, therefore, it does not make sense to consider all government employees "parties" for purposes of Rule 801(d)(2)(D). The problem with extending Rule(d)(2)(D) to all government employees is that it would sweep away other hearsay rules to a significant portion of the population. In this sense, it

makes sense that the rule discussed in *Prevatte*—out-of-court statements cannot bind the government in criminal cases—is an appropriate means to limit an otherwise limited rule of admissibility.

Even assuming that a government employee can be an agent of a party-opponent under Rule 801(d)(2)(D), the evidence still must be admissible under Rules 401 and 403. In other words, the evidence must be relevant, and that relevance must not be substantially outweighed by other factors, such as "the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The government submits that, in order to avoid prejudicing the government, confusing the issues, and misleading the jury, and in order to avoid wasting time by eliciting complicated rebuttals and the needless presentation of evidence, if the Court determines that the evidence is admissible, then the defense should be required to call the government employees who actually made the statements rather than admitting statements supposedly made by them through others.

[remainder of the page intentionally left blank.]

## CONCLUSION

For these reasons, the Court should preclude at trial defendant's admission of exhibits that contain hearsay.

The government contacted defense counsel and it is opposed to the relief sought in this motion.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By:     s/ Robert Emery
ROBERT EMERY
Assistant United States Attorney
Court ID No. A5501892
99 Northeast 4th Street
Miami, Florida 33132-2111
Telephone: 305-961-9421
Email: Robert.emery2@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via CM/ECF on October 11, 2017, and thereby served on counsel of record.

 /s/ Robert J. Emery
Robert J. Emery