**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
Case No. 10-20763-CR-LENARD/GRAHAM

UNITED STATES OF AMERICA,

vs.

HENRY de JESUS LOPEZ LONDONO,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Henry De Jesus Lopez Londono's motions to dismiss the superseding indictment [D.E. 334; 341; 437-38] and Magistrate Judge's Reports and Recommendation regarding the same [D.E. 403 and 559].

**THE MATTER** was referred to United States Magistrate Judge Jonathan Goodman. [D.E. 355]. Magistrate Judge Goodman issued a Report [D.E. 403], and a Supplemental Report [D.E. 559], containing several recommendations, including that the Court deny Defendant Londono's motions [D.E. 334; 341; 437-38] to dismiss the superseding indictment. [D.E. 403 and 559]. In addition to the denial of Defendant's motions to dismiss, in his Supplemental Report, Magistrate Goodman recommends that: 1) the Court not allow Defense polygraph expert, George Harper to testify at trial; 2) the parties be permitted to present evidence at trial about the communications by BlackBerry, the purported communications by email, and the circumstances surrounding the absence at trial of the BlackBerrys and the emails; and 3) the Court postpone until

trial the decision on whether the jury would be permitted to reach the inference that the missing emails could have supported Londono's public authority defense -- but only if there is a finding that the emails existed at one time and that Agent Burrola or other law enforcement officials destroyed or discarded them in bad faith. [D.E. 559].

Defendant Londono filed a timely Appeal of Magistrate Judge Goodman's Order on Defendant's Motion to Dismiss which the Court construes as an objection. [D.E. 565]. Specifically, Defendant Londono asserts that in his Supplemental Report, Magistrate Judge Goodman erred as a matter of law by failing to make any "finding with respect to the materiality of the evidence that was destroyed." [D.E. 565, p. 5]. Further, Defendant Londono argues that Magistrate Judge Goodman erred in finding that there was no bad faith on the part of the Government either by a preponderance standard or by a clear and convincing evidence standard. [D.E. 565, p. 6]. Finally, Defendant Londono submits that at trial the jury should be instructed that the destruction of both the Blackberry communications and the alleged emails should give rise to the adverse inference that these communications were exculpatory.

The Court finds Defendant Londono's objections without merit. However, the Court will reserve ruling on whether an adverse inference is warranted as to all alleged communications until trial.

**THE COURT** has conducted an independent review of the file and

is otherwise fully advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Report [D.E. 403] is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that United States Magistrate Judge Goodman's Supplemental Report [D.E. 559] is hereby **RATIFIED, AFFIRMED and APPROVED** in its entirety. It is further

**ORDERED AND ADJUDGED** that motions to dismiss the superseding indictment [D.E. 334; 341; 437-38] are **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of February, 2018.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: U.S. Magistrate Judge Goodman
    All Counsel of Record